# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LINDEL ALLEN GOODE,

    *Plaintiff,*

vs.

Case No. 18-1075-EFM

EMPLOYERS MUTUAL CASUALTY COMPANY,

    *Defendant.*

## MEMORANDUM AND ORDER

Plantiff Lindel Allen Goode filed this diversity action against Defendant Employers Mutual Casualty Company alleging that he was owed uninsured motorist benefits under his insurance policy with Defendant. The parties have settled their dispute. Plaintiff now moves for an order dismissing the case and holding that Plaintiff's employer, Exxon Mobil Corporation ("Exxon"), does not have a valid workers' compensation lien against the settlement proceeds (Doc. 46). Because there is no currently justiciable case or controversy between Goode and Exxon, the Court denies his motion.

### I.    Factual and Procedural Background

Plaintiff was involved in a motor vehicle accident with another vehicle in March 2013. At the time of the accident he was working in the scope of his employment with Exxon. Plaintiff filed a workers' compensation claim against Exxon and its insurer, and that case settled in April

2018 for $187,557.94. Additionally, the other driver's insurance carrier paid its policy limits of $50,000 to Plaintiff.

Plaintiff had an insurance policy on his vehicle through Defendant, and on March 3, 2018, Plaintiff filed this lawsuit alleging that he was owed uninsured motorist benefits under the policy. On August 9, Exxon sent Defendant's counsel a letter informing it of Exxon's workers' compensation lien in the amount of $76,468.06 in medical expenses and $101,164.30 in indemnity and requesting notice of any third-party action.

In April of 2019, Plaintiff's counsel and Exxon's counsel exchanged several emails regarding Exxon's alleged workers' compensation lien, arguing whether such lien even exists and whether Plaintiff is required to protect it. In one email, Plaintiff's counsel informed Exxon that if it intended to assert its lien, it should intervene in this case. Exxon, however, never moved to intervene.

On June 11, 2019, Plaintiff and Defendant settled their dispute. Under the terms of the settlement, Plaintiff agreed to dismiss all claims against Defendant arising from the accident in exchange for payment of a confidential sum. Plaintiff now moves for an order dismissing this case with prejudice and holding that Exxon's alleged workers' compensation lien is invalid, void, and unenforceable, and does not attach to Plaintiff's settlement. Defendant does not oppose Plaintiff's motion. Plaintiff did not send a copy of his motion to Exxon's counsel, asserting that he has no obligation to do so under Kansas law.[1]

---

[1] The Court will not address in this Order whether Exxon has a valid workers' compensation lien or whether Plaintiff was required to notify Exxon of the filing of this motion.

## II. Analysis

Plaintiff asks this Court to issue an Order stating that Exxon's alleged workers' compensation lien is invalid and does not attach to Plaintiff's settlement proceeds even though Exxon is not a party to this lawsuit. According to Plaintiff, this Court has the authority to make such an order under the Kansas Supreme Court's decision in *Smith v. Russell*.[2] In that case, a workers' compensation insurer, which had been notified that a civil action was filed by its insured against the tortfeasor, moved to intervene in the action five months after the district court approved the settlement agreement between the insured and the tortfeasor.[3] The district court denied the motion to intervene, and the Kansas Supreme Court affirmed the denial, holding that the motion was untimely.[4] The Kansas Supreme Court found that the district court did not have jurisdiction over the motion to intervene because it was filed outside of the ten day period for filing a motion for new trial or to alter or amend judgment, the time had expired for perfecting an appeal, and no misconduct or misrepresentation existed.[5]

Plaintiff's reliance on *Smith* is entirely misplaced. *Smith* deals with the timeliness of filing a motion to intervene to assert a workers' compensation lien under K.S.A. § 44-504 (the statute governing workers' compensation liens). It does not stand for the proposition that a court may invalidate such lien when the employer is not a party to the lawsuit. Furthermore, unlike the workers' compensation insurer in *Smith*, Exxon has not moved to intervene in this case. In fact,

---

[2] 274 Kan. 1076, 58 P.3d 698 (2002).

[3] 58 P.3d at 699.

[4] *Id.* at 705.

[5] *Id.*

other than sending its August 9, 2018, letter and several cursory emails to Plaintiff's counsel, Exxon has taken no action to file its lien against any insurance proceeds Plaintiff may receive.

More importantly, the Court cannot issue an order invalidating Exxon's alleged workers' compensation lien because it does not have subject matter jurisdiction to do so. Article III of the United States Constitution gives federal courts the power to exercise jurisdiction only over "[c]ases" and "[c]ontroversies."[6] This requires that a court be presented with a "legal claim" to adjudicate.[7] As the Supreme Court has explained, "[t]he constitutional power of federal courts cannot be defined, and indeed has no substance, without reference to the necessity to adjudge the legal rights of litigants in actual controversies."[8] Here, there is no legal claim for the Court to adjudicate. Exxon is not a named party in this lawsuit. Exxon has not intervened in this suit or otherwise filed its lien against Plaintiff. Furthermore, Plaintiff did not request that the Court invalidate Exxon's lien or otherwise find it unenforceable in the Pretrial Order. The only relief Plaintiff seeks in the Pretrial Order is damages against Defendant. Accordingly, the Court denies Plaintiff's motion with regard Exxon's alleged workers' compensation lien.

Finally, Plaintiff also moves the Court for an order dismissing this case with prejudice. Plaintiff has submitted a proposed Order to the Court which states that the Court has reviewed and approved the parties' settlement. Plaintiff has not, however, provided the settlement agreement to the Court for review. Without reviewing this agreement, the Court cannot approve it. To avoid this issue, the Court directs Plaintiff to Federal Rule of Civil Procedure 41(a)(1). This rule allows

---

[6] U.S. CONST. art. III, § 2.

[7] *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726 (2d Cir. 1993) (citing *Valley Forge Christian Coll. v. Am. United for Separation of Church & State*, 454 U.S. 464, 471 (1982)).

[8] *Id.* (internal citations and quotations omitted).

a plaintiff to dismiss an action without court order by filing a stipulation of dismissal signed by all parties who have appeared in the case.[9] The stipulation must state that the dismissal is with prejudice otherwise the dismissal will be without prejudice.[10]

**IT IS THEREFORE ORDERED** that Plaintiff's Unopposed Motion for an Order Dismissing Case with Prejudice and Holding that Exxon's Alleged Workers' Compensation Lien Is Invalid, Void, Unenforceable, and Does Not Attach to Plaintiff's Settlement (Doc. 46) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 28th day of July, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[9] Fed. R. Civ. P. 41(a)(1)(A)(ii).

[10] Fed. R. Civ. P. 41(a)(1)(B).